IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

**CASE NO.:  23-cv-24476-BB**

ARMANDO RUBIO,

     Plaintiff,

v.

ALGO CAPITAL, LLC, et al.,

     Defendants.

_____/

**PLAINTIFF'S RESPONSE TO SHOW CAUSE ORDER WHY DEFENDANT ROBERT
D. COLLAZO JR.'S MOTION TO SET ASIDE DEFAULT SHOULD BE DENIED**

  The Plaintiff, ARMANDO RUBIO ("Plaintiff" or Rubio"), by and through his counsel,
who files this, his Response to Defendant Robert D. Collazo Jr.'s  ("Collazo") Motion to set
aside default by the Clerk, and in support thereof states the following:

**I.  STATEMENT OF FACTS**

  On November 23, 2023, Plaintiff filed a complaint asserting claims under the Federal
Racketeering Influence & Corrupt Organization Act; 18 U.S.C. § 1961 et seq, and Federeal and
Florida state law claims of securities fraud, fraud, unjust enrichment and breach of contract
against ROBERT D. COLLAZO JR. ("Collazo") and other named Defendants.

  On December 29, 2023, this Court entered a scheduling order setting therein the
deadlines to complete discovery by August 20, 2024. *DE# 16, p.2* ("All discovery, including
expert discovery, is completed.").

  On January 18, 2024, Collazo was served with the summons and Plaintiff's original
complaint. Although Defendants Julio Cruz, Jilian Cruz, K Sunset Consulting Inc. filed a motion
to dismiss (*DE# 21*) the original complaint, Algo Capital LLC, Kaito Group, LLC and Collazo
were served with a summons and complaint, *DE# 23,24,26*. Collazo, Algo Capital LLC and
Kaito Group, LLC were in default for failing to respond to Plaintiff's complaint.

On February 22, 2024, Plaintiff served Defendant Cruz the notice to take his deposition.

On February 26, 2024, Plaintiff filed a motion for leave to file an amended complaint, attaching thereto Plaintiff's first amended complaint. *DE# 27*.[1] Defendant Cruz was served with a copy of the motion for leave file an amended complaint, together with Plaintiff's First Amended Complaint. *DE# 27-1*. The amended complaint added causes of action under the Federal and Florida state securities laws against Defendants. *Id*. This Court granted Plaintiff's motion to amend the complaint and directed Plaintiff to file his first amended complaint. *DE# 28*.

On April 17, 2024, Collazo was served with the summons and amended complaint. DE# 45. The deadline for Collazo to file his response to the complaint was May 1, 2024. Id.

On May 30, 2024, Plaintiff filed a motion for default by the Clerk, which was granted by the Clerk the same day. *DE#s 53, 54*.

On June 5, 2024, Collazo filed an unverified motion to set aside the default by the Clerk. DE# 57. His motion did not attach any response or affidavit detailing his meritorious defense or response to the Plaintiff's complaint.

On June 7, 2024, Magistrate Judge Edwin G. Torres denied Julio Cruz's motion for a protective order and to stay discovery in the case. DE# 58. Thereafter, Plaintiff took the oral examination (deposition) of Defendant Julio Cruz.

On July 1, 2024, this Court directed Plaintiff to show cause why Defendant Collazo's motion to set aside the default by the Clerk should be denied. The instant response followed.

---

[1] Count I - Federal Racketeering Influence & Corrupt Organization Act; 18 U.S.C. § 1962(c); Count II - Federal Racketeering Influence & Corrupt Organization Act; 18 U.S.C. § 1962(d); Count III - Fraud Under Section 10(b) of the Exchange Act and Rule 10b-5; Count IV - Controlling Person Liability Under 15 U.S.C. 78t; Count V - Fraudulent Securities Transactions Under Fla. Stat. 517.201,517.211; Count VI - Fraud in the Inducement; Count VII -  Common Law Fraud; Count VIII - Breach of Contract; Count IX - Unjust Enrichment.

## II.   <u>LEGAL DISCUSSION</u>

Federal Rule of Civil Procedure 55(c) provides that the Court "may set aside an entry of default for good cause." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1337 (11th Cir. 2014) (Rule 55(c) provides the applicable standard to review a motion to set aside a clerk's default). "Good cause is a mutable standard, varying from situation to situation." *Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996) (internal quotations and citations omitted). As such, the standard is liberal with no precise formula, although guidelines have developed. *Perez*, 774 F.3d at 1337, n.7. Generally, a court will consider whether: (1) the defendant's failure to respond was culpable or willful, (2) the defendant acted promptly to vacate the default, (3) the defendant has meritorious defenses, (4) the plaintiff will be prejudiced if the default is set aside, (5) the public interest is implicated, and (6) whether there was significant financial loss to the defaulting party. *Id.* "[N]o talismanic significance is accorded any of these factors; the overarching question is whether circumstances exist that warrant a finding of good cause to set aside the default." *Am. Fam. Home Ins. Co. v. Hillery*, No. CIV.A. 08-0547-WS-C, 2009 U.S. Dist. LEXIS 48462009 WL 197970, at *1 (S.D. Ala. Jan. 23, 2009); *Compania Interamericana*, 88 F.3d at 951-52.

The defaulting party bears the burden to establish good cause to set aside a Clerk's default. *Nat'l Indem. Co. of the S. v. H &C Fla. Trucking, Inc.*, No. 6:22-CV-74-PGB-LHP, 2023 U.S. Dist. LEXIS 16281, 2023 WL 1824564, at *1 (M.D. Fla. Jan. 31, 2023) (quoting *Insituform Techs., Inc. v. AMerik Supplies, Inc.*, 588 F. Supp. 2d 1349, 1352 (N.D. Ga. 2008)). Good cause does not exist if a party has demonstrated "an intentional or willful disregard" of court proceedings. *Perez*, 774 F.3d at 1337 n.7. In such cases, "the court need make no other findings in denying relief." *Compania Interamericana*, 88 F.3d at 951-52; *Savoia-McHugh v. Glass*, No. 22-13303, 2024 U.S. App. LEXIS 6015, 2024 WL 1080920, at *5 (11th Cir. Mar. 13, 2024) (willful default negated a finding of good cause to set aside default).

III.   **DEFENDANT COLLAZO HAS FAILED TO MEET THE CRITERIA TO OBTAIN RELIEF FROM THE DEFAULT BY THE CLERK OR OTHERWISE DEMONSTRATE GOOD CAUSE FOR FAILING TO RESPOND TO THE COMPLAINT.**

**A. The Defendant Collazo's failure to respond was culpable or willful.**

Defendant Collazo has failed to show that his failure to respond to the amended complaint was excusable neglect. The record clearly shows that Collazo was served with the original complaint in January, 2024. He did nothing to respond to the original complaint. On the second opportunity to engage in this case, Collazo did nothing for three months to retain counsel or respond to the amended complaint. Clearly, his acts in intentionally refusing or failing to respond to the amended complaint was just that, intentional or willful. As noted in his motion to set aside default, he and his company Algo Capital LLC have been involved in litigation in a court case in the Miami Dade circuit court since 2023. Meaning, he knows how to retain counsel, but did nothing to retain counsel in this case when he was initially served with the original complaint. Then after being served with the amended complaint, he acted with the same impunity to ignore the amended complaint.

Plaintiff submits Collazo has acted willful and should be held accountable for his intentional failure to respond to the original and amended complaint.

**B. The Defendant Collazo acted promptly to vacate the default.**

Defendant has acted within a week after the Clerk entered a default. Thus, Defendant Collazo meets this segment of the criteria set forth above.

**C. The Defendant Collazo has failed to provide evidence of meritorious defenses.**

Defendant Collazo has not set forth by verified motion or affidavit the meritorious defenses to the amended complaint. Collazo's unverified and unsupported motion to set aside the default by the Clerk fails miserably on this part of the criteria. Collazo's mere assertions

contained in his motion cannot satisfy the burden he must meet here. For that reason, Collazo has failed to meet the first and third criteria set forth by the Eleventh Circuit.

### D. The Plaintiff will be prejudiced if the default is set aside

The Plaintiff has taken the deposition of Collazo's co-defendant. This Court has already entered a scheduling order setting forth the deadlines for the parties to conduct and complete discovery. Certain defendants have propounded discovery on Plaintiff. The train has left the station, and now Collazo, because of his own intentional acts not to respond to the complaint, wants the parties to stop in order that he can catch up, essentially unnecessary delaying the proceedings in the instant case. Plaintiff would be prejudiced by allowing Collazo to evade the consequences of his actions and omissions described above given the Plaintiff will have to reevaluate his discovery and trial strategy.

### E. The public interest is implicated.

It appears that Collazo has not addressed this question. The public has an interest to see that this case is not unnecessary delayed by Collazo. The public interest would be offended by the very acts of Collazo in refusing to answer the original and amended complaint. For these reasons, the public interest to see that anyone who impedes the progress of a civil action is held accountable is applicable here to Collazo.

### F. Whether there was significant financial loss to the defaulting party.

Defendant Collazo proffers in his motion that there would be a significant financial loss to him if the default is not vacated. Of course, Collazo does not state this under oath or by verified pleading. In the absence of such sown testimony, Defendant Collazo fails to meet this part of the calculus in determining whether he is entitled to vacatur of the default by the Clerk.

## IV.     <u>CONCLUSION</u>

Plaintiff Armando Rubio requests this Court to DENY the Defendant Robert Collazo Jr's motion to set aside the default by the Clerk based on the foregoing facts and law; and enter an order DENYING same. Plaintiff requests other relief this Court deems proper and just under the circumstances.

July 8, 2024                                         Respectfully submitted,
Miami, Florida.

                                                    *//ss// Andre Rouviere*
                                                    Andre Rouviere

                                                    **LAW OFFICES OF ANDRE A. ROUVIERE**
                                                    4070 Laguna Street
                                                    Coral Gables, Florida 33146
                                                    Tel: (305)774-7000
                                                    Fax:(305)946-6121
                                                    *Attorney for Plaintiff*

### <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 8, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                    *//ss// Andre Rouviere*
                                                    Andre Rouviere