UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 23-cv-24476 JB



ARMANDO RUBIO,
Plaintiff,

v.

ALGO CAPITAL, LLC., a Florida Corporation,
K. SUNSET CONSULTING, INC., a Florida Corporation,
KAITO GROUP, LLC., a Wyoming Limited Liability Corporation,
ROBERT D. COLLAZO, JR.,
JUAN HERMAN JULIO CESAR CRUZ,
JULIAN CRUZ,
all in their individual capacities,
Defendants.

## MOTION TO PROCEED PRO SE AND RESPONSE TO ATTORNEY WITHDRAWAL

Plaintiff, Armando Rubio, respectfully submits this motion to proceed pro se in the above-captioned case and provides the following response regarding the withdrawal of his attorney, Andre Rouviere.

### 1. Acknowledgement of Attorney Withdrawal

1.1 I, Armando Rubio, acknowledge the motion to withdraw filed by my former attorney, Andre Rouviere, citing irreconcilable differences. This motion was filed on August 30, 2024.

1.2 I confirm that I no longer wish to be represented by Mr. Rouviere. Significant and unresolved disagreements regarding the legal strategy and handling of my case have compelled me to terminate the attorney-client relationship with Mr. Rouviere.

### 2. Motion to Proceed Pro Se

2.1 In light of Mr. Rouviere's withdrawal and the issues outlined below, I request the Court's permission to proceed pro se, representing myself in this matter. I am prepared to take on the responsibilities of managing my case and believe this will allow me to address my concerns directly and effectively.

2.2 I understand the duties and challenges involved in proceeding pro se and am committed to complying with all applicable court rules, procedures, and deadlines, up until the trial date in December of this year. I will, in parallel, seek a lawyer who has the time and interest to look after my interests responsibly.

### 3. Mistakes Made by Former Attorney

3.1 Failure to Respond to Critical Document Requests: On August 12, 2024, I sent an email to Mr. Rouviere requesting specific documents and information from the defendants, Julio Cruz and Julian Cruz, crucial for discovery.  These documents included:

- A signed attestation letter or bank comfort letter from Julio Cruz's banker confirming wire transfer receipts into the ALGO CAPITAL investment account, confirming that Julio Cruz did not use proceeds from illegal pharmaceutical sales to fund his account.
- Documentation verifying the source of funds (KYC) used to fund Julio Cruz's algorithm trading account at Algo Capital.
- An attestation letter or bank comfort letter from Julio Cruz's banker confirming wire receipts from HMW— Kenny Winn, the other party to whom he sold his Ponzi scheme Algo trading account.
- The wallet address for the cryptocurrency wallet holding my $670,000 worth of BTC.
- A copy of Julio Cruz working agreement with Algo Capital.
- IRS tax records and wire transfer receipts from ITC Group to Algo Capital, the true source of how Julio Cruz funded his trading account at Algo Capital.

ITC group is linked to fraudulent activities and currently indicted for pharmaceutical fraud (Case No. 21-cv-4106 (AMD) (RER)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK,
GILEAD SCIENCES, INC., GILEAD SCIENCES
IRELAND UC, and GILEAD SCIENCES, LLC,
Plaintiffs,
v. ITC GROUP LLC)

where Julio Cruz is the owner and beneficiary, which is the true source from which Julio Cruz funded his trading account at Algo Capital.

3.2 Despite the urgency and importance of these requests, Mr. Rouviere did not act to secure the necessary information by the August 20, 2024 discovery deadline.

3.3 Lack of Action on Protective Order Motion: My 26(c) motion for a protective order, filed on August 28, 2024, outlined the need to prevent my deposition due to the ongoing fraudulent behavior by Defendant Julio Cruz, including forgery, perjury under oath (deposition), misrepresentation, and constant lies. Despite my repeated communications and clear articulation of the reasons for the protective order, Mr. Rouviere did not act promptly or effectively to file the necessary motions, causing me to take action myself to protect my interests.

Addition:

I sincerely apologize to the Court, as it was not my intention to disrespect any procedures or protocols. I find myself feeling unprotected in the midst of this predicament. Given the circumstances, I took steps to file the motion to protect myself from harassment.

The case of Kaiser Aluminum & Chemical Corp. v. Phosphate Engineering & Construction Co., 153 F.R.D. 686 (M.D. Fla. 1994), provides a relevant precedent where the court granted a protective order to prevent a deposition. The court recognized that the defendant's intent was to harass and impose undue burden on the plaintiff, and that the deposition was not sought for legitimate discovery purposes. This case illustrates that courts have the authority to prevent depositions when they are used as tools for harassment, especially when a party has already demonstrated dishonest behavior, such as lying in depositions.

Given the similar circumstances in my case, where Defendant Julio Cruz has shown a pattern of fraudulent and deceptive behavior, I respectfully request that the Court consider this precedent in granting my protective order to prevent further undue burden and harassment.

3.4 Loss of Crucial Evidence: In the first quarter of 2024, I personally handed over the only copy of an "acknowledgement agreement" document to Mr. Rouviere's paralegal, Chris Mylett, for copying. This document is critical to my case, as it clearly states that Julio Cruz acknowledged holding $670,000 of my funds in his cryptocurrency wallet and the arrangement that he would exchange my $670,000 worth of bitcoins for $670,000 of his algorithm trading account with Algo Capital. This agreement re-emphasized the transaction method, similar to my initial purchase into Algo Capital's trading platform by buying into Julio Cruz's trading account. Unfortunately, this crucial piece of evidence has been lost by Mr. Rouviere's paralegal, Chris Mylett. Witness Jorge Manzano who has also provided an affidavit to the case was present at the BMW dealership when I handed this document to Chris Mylett. The witness  can confirm this if brought into question.

3.5 Communication Breakdown: Throughout my representation by Mr. Rouviere, there were numerous instances where my emails and requests for information were ignored or not acted upon in a timely manner. This lack of communication and responsiveness resulted in missed opportunities to address critical issues, including the submission of evidence and the preparation for court proceedings.

3.6  New Information Regarding Juan Herman's Dismissal

3.7 Recently, as I created my PACERMonitor account and reviewed my case, I discovered that Juan Herman had been dismissed from the case due to failure to serve. My former attorney, Andre Rouviere, never notified me that Mr. Herman could not be found or served.

3.8 Had my attorney informed me of the issue with serving Mr. Herman, I would have taken immediate steps to provide the necessary information. I am aware of Juan Herman's main residence and could have facilitated locating and serving him, thus preventing his dismissal from the case.

4. Commitment to Compliance and Request for Relief

4.1 I respectfully request that the Court recognize the necessity of my decision to proceed pro se, considering the circumstances outlined above. I am committed to diligently following the Court's procedures and deadlines and ensuring that my case progresses fairly and efficiently.

4.2 I further request that the Court consider the enclosed evidence, including the August 12, 2024 email, which outlines my efforts to obtain critical information from the defendants as part of discovery and my proactive approach to managing my case. This will demonstrate my good faith effort to comply with all procedural requirements and protect my legal rights.

5. Request for Transition Period

5.1 With the utmost respect to the court, I request a reasonable transition period of 45 days prior to trial as I seek a competent trial attorney. Until then, I am able to fully prepare for my responsibilities as a pro se litigant, including any deadlines for filing additional motions or documents. I seek the Court's guidance on any procedural requirements to facilitate this transition.

Dated: 9/2/2024

Respectfully submitted,

Armando Rubio
 PO Box 12276
Miami, FL, 33101
786,778,1865
Vanguardhealth@usa.com
Plaintiff, Pro Se




**Chris** ›



Wed, Oct 4 at 8:03 PM

Chris, can you please look for the settlement document I had with Julio? That's the only copy I have ... that's the document I gave over to you when we met at the BMW dealership...

Thu, Oct 5 at 6:02 PM

Screenshot 2023-10-05 at 6.02.39



Chris >

Sat, Oct 28 at 8:54 PM

Chris good afternoon, just wanted to touch base and see if you were able to find that document?.. tomorrow I'll be at the service for my mother.. I'll be available before noon if you'd like to touch base and check on the complaint edits ... thank you

Tue, Oct 31 at 11:30 AM



47



ANDRE >

Okay, when do you have time for a call?

I sent you an email about 12 days ago but I never heard a reply from you. Please let me know when you're available for a call.  thanks !

Mon, Aug 12 at 4:33 PM

The cut off date is August 20 and I'll get back to you tomorrow with when I can set up a call to prep

Okay perfect

I saw that blacker requested an extension for discovery and the judge denied

It the cutoff the 20th for both sides?

I want to submit a request of

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No.: 23-cv-24476-JB**

ARMANDO RUBIO,

      Plaintiff,

v.

ALGO CAPITAL, LLC, *et al.*.

      Defendants.

_____/

## ORDER OF DISMISSAL AS TO DEFENDANT JUAN HERMAN

**THIS CAUSE** came before the Court on a *sua sponte* examination of the record. On July 1, 2024, this Court issued an Order requiring Plaintiff to perfect service of process upon Defendant, Juan Herman, and furnish the Court with proof of service. ECF No. [60]. Defendant filed a response stating that he "has been unable to meet the deadline to serve Herman" and "would not oppose dismissal without prejudice of Herman from the instant case." ECF No. [63]. Accordingly, it is **ORDERED AND ADJUDGED** that Defendant, Juan Herman, is hereby **DISMISSED** from this case **WITHOUT PREJUDICE**. The Clerk is directed to **TERMINATE** Defendant Herman from this case.

**DONE AND ORDERED** in Miami, Florida, this 22nd day of July, 2024.

                       _____

                       JACQUELINE BECERRA
                       UNITED STATES DISTRICT JUDGE

I checked my emails and I have no email from you on the 12th

*Andre A. Rouviere, Esquire*
*Law Offices of Andre A. Rouviere*
*4070 Laguna Street*
*Coral Gables, Florida 33146*
*Tel: (305)774-7000*
*Fax:(305)946-6121*
******
*Mediator Announcement: The Law Office of Andre Rouviere takes great pleasure in announcing its offering of Mediation Services, as a Certified Circuit Court Mediator.*

This message contains information that may be privileged or confidential and is the property of the Law Offices of Andre A. Rouviere. It is intended only for the person to whom it is addressed. If you are not the intended recipient, you are not authorized to read, print, retain, copy, disseminate, distribute, or use this message or any part thereof. If you receive this message in error, please notify the sender immediately and delete all copies of this message.

On Tue, Aug 27, 2024 at 10:31 AM <Vanguardhealth@usa.com> wrote:
Andre

I emailed you Thursday the following
" Good morning Andre,
I will be at your office the 27th for the deposition.
Question, were you able to request the items we requested from them on 8/12/24 at 2:49 PM?

Also, was Chris able to find the acknowledgment agreement I handed to him at the BMW dealership?

Thanks "

Never heard back.

On August 12 I requested documents from the defendants, I never heard back regarding the requested documents .

The defendant is lying through his teeth through the whole deposition and using deceitful tactics and why is a 26C being ignored when in  Kaiser Aluminum & Chemical Corp. v. Phosphate you have case law where the judge put a stop to the shenanigans of the defendants due to their lying on the depositions, etc?

 Kaiser Aluminum & Chemical Corp. v. Phosphate Engineering & Construction Co., 153 F.R.D. 686 (M.D. Fla. 1994) • Overview: In this case, the court granted a protective order to prevent a deposition, finding that the defendant's intent was to harass and impose undue burden on the

plaintiff. The plaintiff demonstrated that the deposition was not sought for legitimate discovery purposes. • Relevance: This case illustrates that courts can prevent depositions when they are used as tools for harassment and when a party has already shown a propensity for dishonest behavior, such as lying in depositions.

I can handle a pro se from here until I hire council that will protect my interest here as I see that your law firm is not.

Thank you.

Sincerely,
Armando Rubio
786-778-1865

The contents of this presentation and any attachments are confidential and are intended solely for addressee. The information may also be legally privileged. This transmission is sent in trust, for the sole purpose of delivery to the intended recipient. If you have received this transmission in error, any use, reproduction or dissemination of this transmission is strictly prohibited. If you are not the intended recipient, please immediately notify the sender by reply e-mail or phone.

They would not have had to respond for 30 days thus you would not have had it for the deposition in any event.

*Andre A. Rouviere, Esquire*
*Law Offices of Andre A. Rouviere*
*4070 Laguna Street*
*Coral Gables, Florida 33146*
*Tel: (305)774-7000*
*Fax:(305)946-6121*
\*\*\*\*\*\*

*Mediator Announcement: The Law Office of Andre Rouviere takes great pleasure in announcing its offering of Mediation Services, as a Certified Circuit Court Mediator.*

This message contains information that may be privileged or confidential and is the property of the Law Offices of Andre A. Rouviere. It is intended only for the person to whom it is addressed. If you are not the intended recipient, you are not authorized to read, print, retain, copy, disseminate, distribute, or use this message or any part thereof. If you receive this message in error, please notify the sender immediately and delete all copies of this message.

On Tue, Aug 27, 2024 at 7:17 PM <Vanguardhealth@usa.com> wrote:

Sincerely,
Armando Rubio
786-778-1865
Founder & Managing partner  of Tribal & US Markets
Vanguard Health Management LLC
155 East Boca Raton RD, Boca Raton, FL,
33432 Unit#1007
https://www.linkedin.com/in/armando-rubio-62316a2a5?
utm_source=share&utm_campaign=share_via&utm_content=profile&utm_medium=ios_app

The contents of this presentation and any attachments are confidential and are intended solely for addressee. The information may also be legally privileged. This transmission is sent in trust, for the sole purpose of delivery to the intended recipient. If you have received this transmission in error, any use, reproduction or dissemination of this transmission is strictly prohibited. If you are not the intended recipient, please immediately notify the sender by reply e-mail or phone.

On 8/12/24 at 5:49 PM, Vanguardhealth@usa.com wrote:

> From: Vanguardhealth@usa.com
> Date: August 12, 2024
>To: equitydata0@gmail.com,
>"andre@rouvierelawfirm.com" <andre@rouvierelawfirm.com>·

> Cc:
> Subject: Armando Rubio Vs Cruz, Algo- request for files & deposition of Jillian Cruz
>
>
>
> Items to Request from Mr. Julio Cruz:
>
>     1.     A signed attestation letter from his banker confirming wire transfer receipts from Kenny Winn's business checking account( HMW investments), evidencing Kenny Winn's investment into the Kaito Group LLC  bank account was a wire and NOT cash complimenting  a compliant protocol of  him accepting legal investments in exchange for  his algorithmic trading account at algo capital.
>
>     2.     Documentation verifying the source of funds (KYC)  Mr. Julio Cruz used to fund his algorithm trading account at Algo Capital, including a bank attestation letter confirming the bank statements and wire transfers from his company (Kaito Group LLC and/ Or K sunset consulting LLC to Algo Capital. This should include the exact amounts and the names of the accounts involved in the transactions; and bank attestation letter  SIGNED by his banker confirming the bank statements.
>
>
>     3.     The wallet address for the cryptocurrency wallet holding my $670,000 worth of BTC.
>
>     4.     IRS tax records showing the profits from ITC Group, his pharmaceutical company, which was used to fund his algorithmic trading account.
>
> (NOTE: The ITC Group is the same company implicated in the attached indictment, which was also used to purchase over $800,000 in gold from my friend, with an initial promise to repay me $670,000 from those gold dealings before introducing me to Algo Capital.) -please refer to screenshots provided last 2 weeks — subject matter "Email #1, #2 & #3" reflecting a text message conversation with him whereas his gold bullions were shipped to his destination of preference, under the company "ITC group".
>
> Link to ITC Group indictment document
>
> https://fingfx.thomsonreuters.com/gfx/legaldocs/dwpkrodwdvm/gileand-amended-2022-09-28.pdf?utm_source=Sailthru&utm_medium=newsletter&utm_campaign=daily-docket&utm_term=DailyDocket-MailingList%20v2
>
>     5.     His employment and/or working agreement with Algo Capital as a "feeder" and/or liquidity provider.
>
>
>     6.     The employment agreement of his son, Julian Cruz, with Algo Capital, AND  with his promotion agreement  as "Chief Technology Officer."

> 
> 
>     7.    IRS filings showing Julio Cruz's profits/losses as a feeder/liquidity provider, detailing the profits from Algo Capital under Kaito & K Sunset Consulting.
> 
> 
> 8.    Request to initiate a deposition for his son, Julian Cruz.
> 
> 
> 
> NOTE: Miami-Dade Court freezes assets of Algo Capital's — over $41 million dollars
> 
>     https://www.bizjournals.com/southflorida/news/2024/06/07/algo-capital-collazo-herman-assets-frozen-bahamas.html
> 
> https://www.bizjournals.com/southflorida/news/2024/02/13/algo-capital-bit5ive-asset-liquidation-miami-dade.html
> 
> 
> 
> *June 30th,* I send you the following email and I think it's the right approach given the circumstances—
> 
> Dear Andre,
> 
> I am writing to request your assistance in filing a motion for a protective order to prevent my deposition in the ongoing case against Julio Cruz. Given the numerous lies and manipulations by the defendant, it is clear that the deposition request is a tactic to further harass and burden me, rather than a genuine attempt to uncover the truth. Below, I outline the key reasons why a protective order is necessary, supported by evidence of Cruz's deceitful behavior and lies in midst of his deposition:
> 
> Key Points:
> 
>     1.    Manipulation and Lies by Julio Cruz
>     •    Julio Cruz has repeatedly lied during his own deposition and manipulated facts about his involvement in fraudulent and illegal activities. He has a history of deceit, including but not limited to, manipulating the truth regarding his KNOWLEDGE of fraud while off-loading his trading account. His behavior indicates that he is not interested in a fair legal process but is instead attempting to obscure the truth and divert attention from his fraudulent activities.
>     2.    Evidence of Deception and Fraud
>     •    PPE Transaction and Cryptocurrency Wallet: Julio Cruz owes me $670,000 from a PPE transaction where he controlled the buyer and received payment in Bitcoin, which he claimed was "pending release" due to "KYC" requirements. He has repeatedly made excuses and agreed to swap my profits in his cryptocurrency wallet for the Algo trading account, complimented on the

asset swap agreement and the acknowledgment agreement provided to my attorney.
>
> On April 5, 2022, he proposed replacing his company, Kaito Group, with my company, Jumando, in a fraudulent $250,000,000 IMFPA to repay his debt; a transaction he fabricated whereas I had absolutely nothing to contribute or add value. This demonstrates his continued attempts to involve me in his fraudulent schemes in promises to repay me my $670,000.00 (REFER TO SCREENSHOTS in Email # 1, #2 & #3 sent 7/24/2024)
>
> The defendant Julio Cruz attempted to pay via a gold transaction from his company ITC group (Which he denies being the owner UNDER OATH) by purchasing gold bullion from a friend I made an introduction to; he changed his mind at the last minute and said he couldn't pay me from the gold he had procured via ITC group due to the fact that "there was investment interest from his partners in ITC group". Continued the narrative that if the BTC doesn't clear from his cryptocurrency wallet, he would ultimately pay me my $670,000.00.
> I never made a dime from his nefarious dealings .
> ((REFER TO SCREENSHOTS in Email # 1, #2 & #3 sent 7/24/2024)
>
> •     Attempted Payments and Closed Deals: Cruz made numerous attempts to repay his debt through fraudulent schemes, including proposing beneficiary position in various "closed deals" ((REFER TO SCREENSHOTS in Email # 1, #2 & #3 sent 7/24/2024)
>
> His communication regarding these deals shows a pattern of deceit and manipulation.
>
> 3.     False Statements in Deposition
> •     SOLICITATION to Sell Algorithm Account: Cruz lied about not soliciting other individuals to sell his account. He approached multiple people, including Jorge Manzano, Alex, Manzano's business partner m, to invest in the algorithm account held at algo capital. We have affidavits and witness statements confirming this.
>
> • Knowledge of Fraud: Cruz and his SON, which at the time was Chief tech officer of algo capital, were aware of the Ponzi scheme. A witness, Jorge Manzano, provided an affidavit stating that Cruz was distressed about the fraud which the son, Julian Cruz had revealed to him and mentioned an argument with his son, who wanted to report it to the authorities. This indicates Cruz's knowledge and involvement in fraudulent activities. He continued to offload the account to investors Kenny Winn & Myself shortly after that.
>
> 4.     Forged Signatures and Lease Agreements
> •     Lease Agreements: Cruz forged my signature on the dadeland residential lease agreement, for the purpose of housing  his mother and sister. He falsely claimed I authorized these signatures through DocuSign, but the signatures are clearly "wet ink," indicating forgery. (COMPARE MY SIGNATURE ON LEASE UNDER JUMANDO, MY SIGNATURE TO THE PRINTED FORGED LEASE AGREEMENT IN THE DADELAND ADDRESS) (REFER TO Files in Email # 1, #2 & #3 sent 7/24/2024)
>
> •     Asset Swap Agreement: Cruz similarly forged his own signature on the asset swap

agreement once he had knowledge  Algo Capital was a fraud, went on and offloaded his account to Kenny Winn and myself, demonstrating a consistent pattern of fraud and forgery.
>
>    5.    Misrepresentation and Criminal Activities
>    •    Pharmaceutical Activities: Cruz misrepresented his involvement in pharmaceutical activities. He owned ITC Group, which is currently facing charges for pharmaceutical diversion. He used proceeds from illegal pharmaceutical sales to finance his Algo Capital account, further implicating him in criminal activities; all which he was questioned about and lied under oath— purchased over $800,000 in gold from my friend, with an initial promise to repay me $670,000 from those gold dealings before changing his mind and introducing me to Algo Capital.)
> The defendant(REFER TO SCREENSHOTS in Email # 1, #2 & #3 sent 7/24/2024)
>
> •    Exclusion from Tribal Venture: Cruz attempted to use my and the tribe's reputation to solidify a wholesale drug distributor. Upon realizing his fraudulent intentions, we excluded him from the venture. My tribal attorney and partners can testify to these events and Cruz's deceitful behavior.
>
> He was being blackmailed of $500,000 from his partner and ex girlfriend at ITC group, something he lied under oath about, ( REFER TO AFFIDAVIT and letter of attestation from Famous Marshall and Dennis Ickes)
>    6.    Harassment and Burden
>    •    The deposition request by Cruz is not a genuine attempt to uncover the truth but a tactic to harass and burden me. Given his history of deceit, any deposition would likely be manipulated to further his fraudulent narrative.
>
> 7. He threaten to have me shot if I were to sue him.
> He told my fathers daughter (my fathers second marriage) that he would have me shot if I were to ever sue him.
> (Refer to affidavit)
>
>
> Conclusion
>
> Given the extensive evidence of Julio Cruz's fraudulent activities, deceit, and manipulation, it is clear that the deposition request is an abuse of the legal process. Therefore, I request a motion for a protective order to prevent my deposition, protecting me from further harassment and manipulation by the defendant.
>
> Sincerely,
> Armando Rubio
> 786-778-1865
> Founder & Managing partner  of Tribal & US Markets
> Vanguard Health Management LLC
> 155 East Boca Raton RD, Boca Raton, FL,
> 33432 Unit#1007

> https://www.linkedin.com/in/armando-rubio-62316a2a5?
utm_source=share&utm_campaign=share_via&utm_content=profile&utm_medium=ios_app
>

> The contents of this presentation and any attachments are confidential and are intended solely for
addressee. The information may also be legally privileged. This transmission is sent in trust, for
the sole purpose of delivery to the intended recipient. If you have received this transmission in
error, any use, reproduction or dissemination of this transmission is strictly prohibited. If you are
not the intended recipient, please immediately notify the sender by reply e-mail or phone.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 23-cv-24476-JB

ARMANDO RUBIO,

      Plaintiff,

v.

ALGO CAPITAL, LLC, *et al.*,

      Defendants.

_____/

## ORDER OF DISMISSAL AS TO DEFENDANT JUAN HERMAN

**THIS CAUSE** came before the Court on a *sua sponte* examination of the record. On July 1, 2024, this Court issued an Order requiring Plaintiff to perfect service of process upon Defendant, Juan Herman, and furnish the Court with proof of service. ECF No. [60]. Defendant filed a response stating that he "has been unable to meet the deadline to serve Herman" and "would not oppose dismissal without prejudice of Herman from the instant case." ECF No. [63]. Accordingly, it is **ORDERED AND ADJUDGED** that Defendant, Juan Herman, is hereby **DISMISSED** from this case **WITHOUT PREJUDICE**. The Clerk is directed to **TERMINATE** Defendant Herman from this case.

**DONE AND ORDERED** in Miami, Florida, this 22nd day of July, 2024.

JACQUELINE BECERRA
UNITED STATES DISTRICT JUDGE

1

Dear Andre,

I understand your perspective regarding the entitlement to take my deposition. However, I firmly believe that there are sufficient grounds to file a motion for a protective order in court. Julio Cruz's actions go beyond normal litigation practices and constitute harassment, bad faith, and undue burden.

Moreover, through our witness, it has come to light that Julio Cruz has acquired fake documentation in an attempt to flee the country. This further demonstrates his deceitful nature and the lengths he will go to avoid responsibility, making the deposition process unfairly burdensome and a distraction.

Given these circumstances, I believe it is imperative to protect my interests and prevent further manipulation by Julio Cruz. I request your assistance in filing the motion for a protective order in court, emphasizing these critical points:

Key Points Supporting the Motion:

1. Harassment and Bad Faith: • Case Law: In Shaw v. Garrison, the court issued a protective order due to bad faith and harassment.
• Example: Julio Cruz has repeatedly lied and manipulated facts, as documented in his deposition where he lied under oath.  His actions are intended to harass and intimidate me rather than to gather relevant information.

2. Undue Burden: • Case Law: In Jenkins v. Cameron & Hornbostel, the court upheld sanctions for abusive discovery practices, recognizing that bad faith actions, including vexatious litigation tactics, can justify protective measures .
• Example: The deposition imposes an undue burden on me, given Cruz's history of deceit and attempts to involve me in schemes in various attempts to defraud me; I have provided evidence to that effect.

3. Fake Documentation:

• Evidence: Through our witness, we have discovered that Julio Cruz has acquired fake documentation to flee the country. This not only demonstrates his deceitful nature but also poses a significant risk of him avoiding accountability altogether.

Request: Given these substantial grounds, I request your assistance in filing a motion for a protective order in court. The motion should emphasize:

• The harassment and bad faith exhibited by Julio Cruz, as supported by case law such as Shaw v. Garrison.

• The undue burden his actions impose on me, drawing parallels with the findings in Jenkins v. Cameron & Hornbostel.

• The evidence of his acquisition of fake documentation, which further underscores the necessity of a protective order to prevent manipulation and harassment of the legal process. Please let me know if you need any additional information or documentation to

support this motion. I appreciate your guidance on this matter and look forward to discussing the next steps to ensure my rights are adequately protected.

Sincerely,
Armando Rubio
786-778-1865
Founder & Managing partner of Tribal & US Markets
Vanguard Health Management LLC
155 East Boca Raton RD, Boca Raton, FL,
33432 Unit#1007
https://www.linkedin.com/in/armando-rubio-62316a2a5?
utm_source=share&utm_campaign=share_via&utm_content=profile&utm_medium=ios_app

The contents of this presentation and any attachments are confidential and are intended solely for addressee. The information may also be legally privileged. This transmission is sent in trust, for the sole purpose of delivery to the intended recipient. If you have received this transmission in error, any use, reproduction or dissemination of this transmission is strictly prohibited. If you are not the intended recipient, please immediately notify the sender by reply e-mail or phone.

On 7/30/24 at 7:31 AM, André Rouviere wrote:

From: "André Rouviere" <andre@rouvierelawfirm.com>
Date: July 30, 2024
To: Vanguardhealth@usa.com
Cc: chris.mylett@gmail.com
Subject: Re: Motion for Protective Order Against Deposition
Armando,
There are no legal grounds to file a protective order.
They are entitled to take your deposition.
Andre

**Andre A. Rouviere, Esquire**
**Law Offices of Andre A. Rouviere**
**4070 Laguna Street**
**Coral Gables, Florida 33146**
**Tel: (305)774-7000**
**Fax:(305)946-6121**
******
**Mediator Announcement: The Law Office of Andre Rouviere takes great pleasure in announcing its offering of Mediation Services, as a Certified Circuit Court Mediator.**

This message contains information that may be privileged or confidential and is the property of the Law Offices of Andre A. Rouviere. It is intended only for the person to whom it is addressed. If you are not the intended recipient, you are not authorized to read, print, retain, copy, disseminate, distribute, or use this message or any part thereof. If you receive this message in error, please notify the sender immediately and delete all copies of this message.

On Tue, Jul 30, 2024 at 6:20 AM <Vanguardhealth@usa.com> wrote:
Motion for Protective Order Against Deposition

To: Andre R.

Subject: Motion for Protective Order Against Deposition

Dear Andre,

I am writing to request your assistance in filing a motion for a protective order to prevent my deposition in the ongoing case against Julio Cruz. Given the numerous lies and manipulations by the defendant, it is clear that the deposition request is a tactic to further harass and burden me, rather than a genuine attempt to uncover the truth. Below, I outline the key reasons why a protective order is necessary, supported by evidence of Cruz's deceitful behavior and lies in midst of his deposition:

Key Points:

1.   Manipulation and Lies by Julio Cruz
•   Julio Cruz has repeatedly lied during his own deposition and manipulated facts about his involvement in fraudulent and illegal activities. He has a history of deceit, including but not limited to, manipulating the truth regarding his KNOWLEDGE of fraud while off-loading his trading account. His behavior indicates that he is not interested in a fair legal process but is instead attempting to obscure the truth and divert attention from his fraudulent activities.
2.   Evidence of Deception and Fraud
•   PPE Transaction and Cryptocurrency Wallet: Julio Cruz owes me $670,000 from a PPE transaction where he controlled the buyer and received payment in Bitcoin, which he claimed was "pending release" due to "KYC" requirements. He has repeatedly made excuses and agreed to swap my profits in his cryptocurrency wallet for the Algo trading account, complimented on the asset swap agreement and the acknowledgment agreement provided to my attorney.

On April 5, 2022, he proposed replacing his company, Kaito Group, with my company, Jumando, in a fraudulent $250,000,000 IMFPA to repay his debt; a transaction he fabricated whereas I had absolutely nothing to contribute or add value. This demonstrates his continued attempts to involve me in his fraudulent schemes in promises to repay me my $670,000.00 (REFER TO SCREENSHOTS)

The defendant Julio Cruz attempted to pay via a gold transaction from his company ITC group (Which he denies being the owner UNDER OATH) by purchasing gold bullion from a friend I made an introduction to; he changed his mind at the last minute and said he couldn't pay me from the gold he had procured via ITC group due to the fact that there was investment interest from his partners in ITC group. Continued the narrative that if the BTC doesn't clear from his cryptocurrency wallet, he would ultimately pay me my $670,000.00.
I never made a dime from his nefarious dealings .
(REFER TO SCREENSHOTS)

•   Attempted Payments and Closed Deals: Cruz made numerous attempts to repay his debt through fraudulent schemes, including proposing beneficiary position in various "closed deals"  (REFER TO IMFPA DOCUMENT SCREENSHOTS)

His communication regarding these deals shows a pattern of deceit and manipulation.

3.   False Statements in Deposition
•   SOLICITATION to Sell Algorithm Account: Cruz lied about not soliciting other individuals to sell his account. He approached multiple people, including Jorge Manzano, Alex, Manzano's business partner m, to invest in the algorithm account held at algo capital. We have affidavits and witness statements confirming this.

•   Knowledge of Fraud: Cruz and his SON, which at the time was Chief tech officer of algo capital,  were aware of the Ponzi scheme. A witness, Jorge Manzano, provided an affidavit stating that Cruz was distressed about the fraud which the son, Julian Cruz had revealed to him and mentioned an argument with his son, who wanted to report it to the authorities. This indicates Cruz's knowledge and involvement in fraudulent activities. He continued to offload the

account to investors Kenny Winn & Myself shortly after that.

4.   Forged Signatures and Lease Agreements
•   Lease Agreements: Cruz forged my signature on the dadeland residential lease agreement, for the purpose of housing his mother and sister. He falsely claimed I authorized these signatures through DocuSign, but the signatures are clearly "wet ink," indicating forgery. (COMPARE MY SIGNATURE ON LEASE UNDER JUMANDO, MY SIGNATURE TO THE PRINTED FORGED LEASE AGREEMENT IN THE DADELAND ADDRESS)

•   Asset Swap Agreement: Cruz similarly forged his own signature on the asset swap agreement once he had knowledge Algo Capital was a fraud, went on and offloaded his account to Kenny Winn and myself, demonstrating a consistent pattern of fraud and forgery.

5.   Misrepresentation and Criminal Activities
•   Pharmaceutical Activities: Cruz misrepresented his involvement in pharmaceutical activities. He owned ITC Group, which is currently facing charges for pharmaceutical diversion. He used proceeds from illegal pharmaceutical sales to finance his Algo Capital account, further implicating him in criminal activities; all which he was questioned about and lied under oath. (REFER TO SCREENSHOTS)

•   Exclusion from Tribal Venture: Cruz attempted to use my and the tribe's reputation to solidify a wholesale drug distributor. Upon realizing his fraudulent intentions, we excluded him from the venture. My tribal attorney and partners can testify to these events and Cruz's deceitful behavior.

He was being blackmailed of $500,000 from his partner and ex girlfriend at ITC group, something he lied under oath about, ( REFER TO AFFIDAVIT and letter of attestation from Famous Marshall and Dennis Ickes)

6.   Harassment and Burden
•   The deposition request by Cruz is not a genuine attempt to uncover the truth but a tactic to harass and burden me. Given his history of deceit, any deposition would likely be manipulated to further his fraudulent narrative.

7. He threaten to have me shot if I were to sue him.
He told my fathers daughter (my fathers second marriage) that he would have me shot if I were to ever sue him. (Refer to affidavit)

Conclusion

Given the extensive evidence of Julio Cruz's fraudulent activities, deceit, and manipulation, it is clear that the deposition request is an abuse of the legal process. Therefore, I request a motion for a protective order to prevent my deposition, protecting me from further harassment and manipulation by the defendant.

Sincerely,
Armando Rubio
786-778-1865
Founder & Managing partner of Tribal & US Markets
Vanguard Health Management LLC
155 East Boca Raton RD, Boca Raton, FL,
33432 Unit#1007
https://www.linkedin.com/in/armando-rubio-62316a2a5?
utm_source=share&utm_campaign=share_via&utm_content=profile&utm_medium=ios_app

The contents of this presentation and any attachments are confidential and are intended solely for addressee. The information may also be legally privileged. This transmission is sent in trust, for the sole purpose of delivery to the

intended recipient. If you have received this transmission in error, any use, reproduction or dissemination of this transmission is strictly prohibited. If you are not the intended recipient, please immediately notify the sender by reply e-mail or phone.