**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 23-24476-Civ-BECERRA/TORRES

ARMANDO RUBIO,

      Plaintiff,

v.

ALGO CAPITAL, LLC, a Florida corporation,
and K SUNSET CONSULTING INC., a
Florida corporation, KAITO GROUP, LLC,
a Wyoming limited liability corporation,
ROBERT D COLLAZO, JR, JUAN HERMAN,
JULIO CESAR CRUZ, JILIAN CRUZ,
all in their individual capacity,

      Defendants.

_____/

## ORDER ON PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

This matter is before the Court on Plaintiff's, Armando Rubio's, Motion for Protective Order to prevent his deposition. [D.E. 81]. Defendants timely responded to the motion [D.E. 84], to which Plaintiff timely replied. [D.E. 85]. The motion, therefore, is ripe for disposition.[1] After careful review of the briefing and relevant authorities, and for the reasons set forth below, Plaintiff's motion is **DENIED**.

Plaintiff paints Defendants' attempt to take his deposition as an "abuse of the legal process designed to harass and burden [him], rather than to uncover the truth."

---

[1] On May 28, 2024, the Honorable Jacqueline Becerra referred all discovery matters to the Undersigned Magistrate Judge for disposition. [D.E. 51].

1

[D.E. 81 at 1]. The only support Plaintiff provides for this argument are the allegations in his complaint that he was defrauded by Defendants.

This showing falls far short of the lofty requirements to protect a plaintiff from being deposed in his own case. "When evaluating whether a movant has satisfied his burden of establishing 'good cause' for a protective order preventing a deposition, a court should balance the non-moving party's interest in obtaining discovery and preparing for trial against the moving party's proffer of harm that would result from the deposition." *Baratta v. Homeland Housewares, LLC*, 242 F.R.D. 641, 642 (S.D. Fla. 2007) (citing *Fransworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985)). Indeed, "[i]t is very unusual for a court to prohibit the taking of a deposition altogether and absent extraordinary circumstances, such an order would likely be in error." *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979).

Here, Plaintiff has not made any specific showing that there exists good cause to prevent his deposition; he has simply recapitulated his allegations in this lawsuit. Additionally, Defendants have a compelling interest to depose Plaintiff; providing a protective order for this deposition would plainly "frustrat[e] … Defendant's right to discovery of critical facts and information that cannot be obtained from any source other than [Plaintiff]." *Baratta*, 242 F.R.D. at 643; *see also Trinos v. Quality Staffing Servs. Corp.*, 250 F.R.D. 696, 699 (S.D. Fla. 2008) (denying motion for protective order because "Plaintiffs have put forth insufficient evidence for this Court to depart from these general rules or to find that a weighing of the equities justifies the entry of a protective order").

Thus, because Plaintiff has not shown good cause to prevent his deposition, his motion for protective order is **DENIED**. Plaintiff must sit for his deposition within fourteen (14) days of the entry of this Order. Plaintiff shall appear at the time and place designated on the notice of the taking of his deposition. Defendant shall provide three alternative dates for that deposition and Plaintiff shall choose one of those dates for the deposition. The deposition shall not take more than seven hours of examination time. Plaintiff shall answer all questions posed, regardless of any objection that he may have to the question. Plaintiff's objections to any such question are preserved for review at trial.

**DONE and ORDERED** in Chambers in Miami, Florida this 1st day of October, 2024.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge