UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-24476-Civ-BECERRA/TORRES

ARMANDO RUBIO,

       Plaintiff,

v.

ALGO CAPITAL, LLC, a Florida corporation,
and K SUNSET CONSULTING INC., a
Florida corporation, KAITO GROUP, LLC,
a Wyoming limited liability corporation,
ROBERT D COLLAZO, JR, JUAN HERMAN,
JULIO CESAR CRUZ, JILIAN CRUZ,
all in their individual capacity,

       Defendants.
_____/

## ORDER ON PLAINTIFF'S MOTION TO COMPEL

This cause comes before the Court on Plaintiff's, Armando Rubio's, Motion to Compel Discovery. [D.E. 79]. Defendants timely responded to the motion [D.E. 88], and the time for Plaintiff to reply has passed. The motion, therefore, is ripe for disposition.[1] After careful review of the briefing and relevant authorities, and for the reasons set forth below, Plaintiff's motion is **DENIED**.

Plaintiff seeks to compel Defendants' production of certain documents and information. There is no record, however, of Plaintiff (or his now-withdrawn attorney) ever serving corresponding discovery requests on Defendants. Specifically, Plaintiff

---

[1] On May 28, 2024, the Honorable Jacqueline Becerra referred all discovery matters to the Undersigned Magistrate Judge for disposition. [D.E. 51].

1

has not attached the discovery requests to his pending motion, nor has he otherwise provided that the discovery requests were ever served.

As a result, we cannot compel Defendants to respond more properly to discovery requests that they never received (or at least, where service of the requests has not been demonstrated by Plaintiff). *See First Sav. Bank v. Deane*, No. 3:23-CV-432-TJC-LLL, 2023 WL 8434476, at *2 (M.D. Fla. Sept. 27, 2023) ("Additionally, counsel for plaintiff states defendant never served discovery on plaintiff before filing the motion before the Court. A motion to compel is not the proper means to obtain discovery never served. Plaintiff cannot be compelled or sanctioned for failing to disclose something it was never requested to provide."); *Pandora Jewelers 1995, Inc. v. Pandora Jewelry, LLC*, No. 09-61490-civ-Cooke/Bandstra, 2010 WL 11440948, at *1 (S.D. Fla. July 26, 2010) (denying a motion to compel discovery, in part, because certain discovery was never served on defendant); *Fuggi v. Steadfast Ins. Co.*, No. 6:04-cv-1714-Orl-22KRS, 2006 WL 1760478, at *2 (M.D. Fla. June 23, 2006) ("The Court simply cannot compel a party to engage in discovery when he has not been served with the appropriate requests.").

Accordingly, Plaintiff's Motion to Compel Discovery [D.E. 79] is **DENIED**.

**DONE and ORDERED** in Chambers in Miami, Florida this 2nd day of October, 2024.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge